IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-21065

Summary Calendar

---

CHARLES CARROLL,

Plaintiff-Appellant,

versus

AIR EXPRESS INTERNATIONAL USA, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
H-00-CV-1765

---

May 2, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles Carroll appeals the district court's grant of summary judgment to the defendant, Air Express International U.S.A., Inc., on his claims of discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. He argues that the district court improperly considered hearsay

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, and erroneously applied the *McDonnell-Douglas* burden-shifting framework.  Because Carroll has not met the required showing of pretext, we affirm.

We review a district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to the nonmovant.[1] The parties here dispute only whether Air Express has presented a non-discriminatory justification for Carroll's treatment (which included a demotion) and whether Carroll has met his burden of showing that this justification is pretextual.  The undisputed summary judgment record indicates that Carroll received several notifications of substandard performance from his supervisor, Carol Fox, and instructions as to his duties and deadlines that he did not meet.[2]  His only evidence that this justification is false consists of his subjective belief that he was targeted due to his race and excuses with respect to his failure to meet performance requirements.

In the third stage of burden-shifting, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision."[3] While it is true that a showing that the justification is false,

---

[1] *Stucky v. City of San Antonio*, 260 F.3d 424, 429 (5th Cir. 2001).

[2] Carroll admits he did not carry out the instructions of his supervisor. *See* Appellant's Brief at 12 ("Carroll attempted, but was unable to complete the cross-training of the warehouse employees by [the deadline].").

[3] *Price v. Federal Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

coupled with the prima facie case can allow the plaintiff to survive summary judgment,[4] whether summary judgment should be granted depends on "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered."[5] Carroll argues that the district court mis-applied this standard, because he presented evidence that the justification was false. Carroll mis-reads the relevant caselaw because we have held that even some evidence of pretext, as represented here by Carroll's threadbare circumstantial evidence that Fox was engaged in a conspiracy to install her friend in Carroll's position, might not, when added to the plaintiff's prima facie case, support an inference of discrimination.[6] After a review of the record, even discounting the evidence Carroll claims was improperly considered by the district court,[7] we conclude that Carroll has failed to present evidence from which a rational factfinder could infer that the reason for his demotion was racial discrimination.

---

[4] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

[5] *Id.* at 148-49.

[6] *See Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

[7] This evidence consisted of e-mails from other management employees complaining about Carroll's performance and professionalism that were received by Carroll's former supervisor before Fox was installed in that position and which were reviewed by Fox in the context of assessing Carroll's performance.

AFFIRMED.